**In re WAYNESBORO HOTEL COMPANY, INC., Debtor.**

**FIRST NATIONAL BANK AND TRUST COMPANY, WAYNESBORO, PA., Plaintiff,**

v.

**WAYNESBORO HOTEL COMPANY, INC., Defendant.**

Bankruptcy No. 1–81–00713.

Adv. No. 1–81–0574.

United States Bankruptcy Court, M. D. Pennsylvania.

April 20, 1982.

Timothy W. Misner, Ullman, Painter & Misner, Waynesboro, Pa., for plaintiff.

David W. Rahauser, Chambersburg, Pa., for defendant.

## MEMORANDUM AND ORDER

THOMAS WOOD, Bankruptcy Judge.

The plaintiff seeks relief from the automatic stay provided by section 362 of the Bankruptcy Code so that it may foreclose mortgages against the defendant's real estate. The defendant is the debtor in a Chapter 11 bankruptcy proceeding and is operating its business as debtor-in-possession under section 1107 of the Code. The defendant claims that it has substantial equity in the subject real estate, and that it, "can provide a plan which will provide for rehabilitation and reorganization . . . ."

## FINDINGS OF FACT

1. The bank holds first mortgage liens against the two properties of the debtor. The properties are a hotel and an adjoining residence which has been converted to rental apartments. The amounts due at the time of trial, January 22, 1982, were as follows:

   (1) $173,449.57 against the hotel property

   (2) $35,928.35 against the converted adjoining residence

2. The bank also holds two subordinate judgment liens against the debtor's properties in the amounts of approximately $53,700 and $27,650. There are miscellaneous liens against the properties totalling approximately $55,000.

3. We find the approximate values of the properties to be

   (1) The hotel: $260,000

   (2) The adjoining apartment unit: $46,000

4. The debtor's representative stated at the time of trial on January 22, 1982, that a plan of arrangement would be filed within two weeks. None was filed as of April 15, 1982. The debtor's gross income is reasonably stable, averaging approximately $6000 per month. The debtor's projected expenses amount to approximately $3000 per month. It is probable that the income will increase by approximately $500 a month by development of additional sources of income.

5. An informal and preliminary proposal as to secured creditors (defendants' exhibit 2) represents that the debtor is able to pay the bank approximately $2,900 per month as part of its plan, and can afford payments to unsecured creditors in the amount of approximately $420 per month.

6. The subject properties are necessary to an effective reorganization of the debtor and there is a reasonable prospect that the debtors can obtain confirmation of a plan.

7. The debtor is able to pay approximately $2,500 per month to provide protection of the plaintiff's interest in its loan collateral pending confirmation of a plan.

### DISCUSSION

It is evident that the bank lacks adequate protection of its interest in the debtor's two properties. However, as to the plaintiff's right to adequate protection of its interest in the properties, we are satisfied that the debtor can provide interim protection of that interest by application of available income to the discharge of tax and municipal liens, to reimbursement of the plaintiff for insurance payments made on the debtor's behalf, to payment of real estate taxes when due, and to payment for lienable municipal services when billed. These payments would reduce the bank's claim slightly and will eliminate lien burdens which affect the plaintiff's interest in the debtor's properties. In order to minimize other drains, the debtor can be required to file a plan and disclosure statement within thirty (30) days, and the plaintiff may renew its application for adequate protection by seeking supplemental protection if such filing is not timely made.

The bank's entitlement to termination of the stay under 362(d)(2) has also been considered since it is clear that the debtor lacks equity in the properties. However, it is also clear that the properties are necessary to an effective reorganization. Whether an effective reorganization is likely is not clear, but there is substantial and reasonably stable income. It is our judgment that the plaintiff is not entitled to relief of the stay under section 362(d)(2) at this time. However, it should be allowed to apply for reconsideration of its complaint if evolving circumstances indicate an effective reorganization cannot succeed.

### CONCLUSIONS OF LAW

1. The plaintiff is entitled to additional protection of its interest in the loan collateral during the pendency of the Chapter 11 proceeding.

2. The plaintiff is not entitled to relief from the automatic stay of mortgage foreclosure proceedings.

### ORDER

AND NOW, April 20th, 1982, IT IS ORDERED THAT:

(1) The debtor-in-possession pay to the bank the sum of $1250 forthwith, and pay the same sum on or before the 1st and 15th of each month, beginning May 1, 1982, pending further Order of this Court, confirmation of a plan of reorganization or dismissal of this Chapter 11 proceeding.

(2) The First National Bank and Trust Co. of Waynesboro, plaintiff, shall establish and maintain a separate account for deposit of said payments, and thereafter disburse deposited funds to pay real estate taxes heretofore levied against the subject properties, to pay amounts required to discharge municipal services liens heretofore filed of record, to reimburse itself for insurance premiums paid after July 23, 1981, to protect its interest in subject properties, to pay taxes

levied but not liened, and to pay for municipal services billed but not liened. Disbursements shall be in the order listed herein.

This Order shall be without prejudice to an application by the plaintiff for supplemental relief in the event the debtor does not file a plan for reorganization together with a disclosure statement on or before May 19, 1982, or fails without good cause to obtain confirmation within 60 days thereafter.

SO ORDERED.